UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY FORD,

      Plaintiff,                            No. 18-12809

v.                                          District Judge Avern Cohn
                                                Magistrate Judge R. Steven Whalen

ANTHONY STEWARD, ET AL.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Rodney Ford, a prison inmate in the custody of the Michigan Department of Corrections ["MDOC"], has filed a civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Before the Court is Defendant Anthony Stewart's motion for summary judgment [Doc. #20], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). Defendant Stewart was the warden of the MDOC facility where the alleged violation occurred. For the reasons discussed below, I recommend that the motion be GRANTED and that Defendant Stewart be DISMISSED WITH PREJUDICE.

### I.    FACTS

At the time of the events alleged in the complaint, Plaintiff was incarcerated at the MDOC's G. Robert Cotton Correctional Facility in Jackson, Michigan, where Defendant Stewart was the warden. Plaintiff alleges that on October 21, 2017, he injured his knee and/or leg while playing basketball. *Complaint* [Doc. #1], ¶ 17. He was seen by MDOC medical personnel, specifically Defendant Sophia Bradley, a nurse, and Defendant

Charles Jamsen, a medical doctor. *Id*. Bradley and Jamsen did not order x-rays or send Plaintiff for off-site evaluation, but provided him with crutches, ace wrap, Motrin, and ice detail for three days. *Id*.

Plaintiff alleges that on October 22, 2017, he sent a kite to prison health services because his knee was still swollen and extremely painful. He did not receive an immediate response. *Id*. ¶ 18. On October 24, 2017, after lunch, Plaintiff was seen by an as-yet unidentified medical officer, who, Plaintiff alleges, demanded that he return the crutches and ordered that he leave the clinic. *Id*. ¶ 19.

On October 26, 2017, Plaintiff was transferred to the Chippewa Correctional Facility in Kincheloe, Michigan. *Id*. ¶ 21. Upon his arrival there, he underwent medical screening. *Id*. ¶ 23. However, x-rays were not taken until November 1, 2017. *Id*. ¶ 27. On November 21, 2017, Plaintiff was given a CT scan at War Memorial Hospital in Sault Ste. Marie, and received follow-up evaluations and treatment at the hospital on January 3 and February 1, 2018. *Id*. ¶¶ 31, 35-36.

Plaintiff alleges that all of the Defendants, including Stewart, failed to implement proper medical procedures, and failed to take steps to remedy an obviously significant medical need. *Id*. ¶¶ 45-46.

Exhibit A to Defendant's motion [Doc. #20] is the affidavit of Anthony Stewart. Mr. Stewart states that he was warden of the Cotton Facility at the time Plaintiff was housed there. *Stewart Affidavit*, ¶ 4. He states that as warden, he was not on medical staff, nor did his duties include recommending any course of action for medical diagnosis or treatment. *Id*. ¶ 5. He also states that he was not present in the gymnasium on October 21, 2017 when Plaintiff says that he was injured, nor was he asked to approve or deny any diagnostic tests or off-site medical care. *Id*. He states that any kite requesting medical

care would be responded to by medical staff in Health Care Services, not the Warden's Office. *Id*. ¶ 6. Warden Stewart had no knowledge of Plaintiff's knee or leg injury. *Id*. ¶ 8. He also states that he did not initiate Plaintiff's transfer or otherwise request that it take place. *Id*.

In his response [Doc. #23], Plaintiff argues that there remains a question of fact as to whether Warden Steward ordered his transfer, because he has not received a copy of the transfer order. The response also questions whether the Chippewa Facility was advised of Plaintiff's medical condition.[1]

Attached to Defendant Stewart's reply brief [Doc. #26, Exhibit A] is Plaintiff's transfer order, dated October 19, 2017. It is signed by the facility's Transfer Coordinator and an Inspector, not by Warden Stewart.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary

---

[1] However, the complaint alleges that Plaintiff was seen by medical personnel immediately upon his arrival at Chippewa. *Complaint*, ¶ 23.

judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.  DISCUSSION

In *Monell v. Department of Social Services.,* 436 U.S. 658, 692 (1978) the Supreme Court specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability. *See also Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)(at a minimum, a §1983 plaintiff must show that a supervisory official at least impliedly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)( (supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act).

In addition, the Plaintiff in a § 1983 case must show that a named defendant was personally involved in the allegations underlying the Complaint. *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984). Mere failure to act does not amount to personal involvement. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)). Moreover, being aware of an inmate's complaint and failing to take action does not create liability under § 1983. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). In *Slehpour*, the Court explained:

> "[I]n order for liability to attach to [defendants] for the alleged § 1983 violations, Plaintiff had to prove that they did more than play a passive role in the alleged violation or showed mere tacit approval of the events. *Leach*, 891 F.2d at 1246. Liability under this theory must be based upon more than a mere right to control employees and cannot be based upon simple negligence. *Id*. Plaintiff must show that [defendants] otherwise encouraged or condoned the actions of the other Defendants. See *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). As such, where the materials submitted by Plaintiff in response to [defendants'] motion for summary judgment failed to show, in any respect, that these two Defendants encouraged or condoned any alleged constitutional violations, the district court properly granted the motion for summary judgment." *Id*., 159 F.3d at 206–07.

Here, Plaintiff has neither alleged nor presented proof that Warden Stewart had any personal involvement in, or even knowledge of his medical treatment. Indeed, Plaintiff's claims against Stewart would also be dismissible for failure to state a claim under Fed.R.Civ.P. 12(b)(6), since there is no plausible allegation of this Defendant's personal involvement on the face of the complaint. *See Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 570 (2007)*(* a complaint must "state a claim to relief that is plausible on its face"); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Nor does Plaintiff offer any evidence or allegations in his response [Doc. #23] regarding Stewart's personal involvement in his medical care. Stewart's affidavit showing his lack of personal involvement therefore stands unrebutted. The response only

addresses the question of whether Stewart authorized Plaintiff's transfer. Apart from the marginal relevance of that issue, the transfer order appended to Stewart's reply brief shows that it was not he who signed the transfer order. In short, Plaintiff's claim against Stewart is based on nothing more than Stewart's position as warden, that is, on supervisory or *respondeat superior* liability. That is insufficient.

## IV.  CONCLUSION

I recommend that Defendant's motion for summary judgment [Doc. #20] be GRANTED and that Defendant Stewart be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  July 8, 2019

**CERTIFICATE OF SERVICE**

I hereby certify on July 8, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 8, 2019.

s/Carolyn M. Ciesla
Case Manager to
Magistrate Judge R. Steven Whalen
