UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY FORD,

    Plaintiff,                                   No. 18-12809

v.                                            District Judge Avern Cohn
                                                Magistrate Judge R. Steven Whalen

ANTHONY STEWARD, ET AL.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff Rodney Ford, a prison inmate in the custody of the Michigan Department of Corrections ["MDOC"], has filed a civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Before the Court is Defendant Anthony Steward's Motion to Dismiss Unserved Defendants and for Final Judgment [ECF No. 54], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). Plaintiff has not filed a response to the motion. For the reasons discussed below, I recommend that the motion be GRANTED, and that Defendant Bradley and the unserved Defendants be DISMISSED WITH PREJUDICE.

### I.    FACTS

    At the time of the events alleged in the complaint, Plaintiff was incarcerated at the MDOC's G. Robert Cotton Correctional Facility in Jackson, Michigan, where Defendant Steward was the warden. The historical facts alleged in the complaint were set forth in previous Reports and Recommendations, and need not be repeated here in detail. *See* ECF No. 45 and ECF No. 51. Plaintiff alleges deliberate indifference to his serious medical

needs, in violation of the Eighth Amendment. Defendants Steward, Jamsen, and Canlas have been dismissed. The remaining Defendants, Sophia Bradley and two unnamed Corrections Officers, have not been served.

On March 22, 2019, Plaintiff filed a motion to compel discovery from the MDOC, in which he sought the names and addresses of medical staff at the Chippewa Facility during the relevant time frame, in order to identify and serve the unnamed Defendants. [ECF No. 36, PageID.276-277]. I denied the motion without prejudice, but extended discovery for 35 days so that Plaintiff could attempt to obtain the information by way of interrogatories to Defendants Jamsen and Canlas:

> "The Plaintiff would more appropriately obtain this information–at least the names of health care staff who were employed during the relevant time frame–by way of interrogatories Defendants Jamsen and Canles rather than by subpoena.[1] If it is Defendants' position that they do not have access to MDOC records or do not have knowledge of the names of Chippewa health care staff, then the next step would be to issue a non-party subpoena under Fed.R.Civ.P. 45.
>
> Therefore, Plaintiff's motion [ECF No. 36] is DENIED WITHOUT PREJUDICE.

his order for the

> sole purpose of providing Plaintiff the opportunity to serve interrogatories on Defendants Jamsen and Canles, directed at ascertaining the identities of health care staff at the Chippewa Correctional Facility at the time of the events underlying his complaint." ECF No. 49, PageID.375-376.

Defendant Steward states in his motion that "[u]pon information and belief, Ford did not serve any interrogatories on James[on] or Canlas following the Court's order." ECF No. 54, PageID.398.

On October 7, 2020, I entered an order directing Plaintiff to file a response to this

---

[1] It would not be appropriate, however, for Plaintiff to obtain the home addresses of these individuals. Rather, their names and the Correctional Institutions where they are employed are sufficient for purposes of identification and service by the United States Marshal.

motion on or before November 9, 2020 [ECF No. 55]. To date, the Court has not received Plaintiff's response.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 41(b) provides:

"**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

In exercising discretion to dismiss for failure to prosecute under Rule 41(b), the court considers four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir.2005) (citing *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir.1999)). *See also Mulbah v. Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir.2001).

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, \*2 (E.D.Mich.2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id*.; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

### III. DISCUSSION

#### A. Willfulness, Bad Faith, or Fault

On January 3, 2020, I entered an order extending discovery so that Plaintiff could attempt to ascertain the identities of the unnamed Defendants and information to assist in service on all of the unserved Defendants. The order also suggested that Plaintiff might obtain the information by way of interrogatories to the named Defendants. After 11 months, it appears that Plaintiff has not taken any action to obtain this information.[2] Then, on October 7, 2020, I ordered Plaintiff to file a response to the present motion no later than November 9, 2020. Despite being ordered to do so, Plaintiff has not filed a response. This looks very much like willfulness, bad faith or fault. Under Rule 41(b), "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir.2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43 (1976)).

#### B. Prejudice

The complaint is based on events alleged to have occurred in 2017. A delay of three years, although not dispositive in itself, is clearly prejudicial to the unserved Defendants, and impedes a "fair and timely resolution of the litigation." *Jourdan v. Jabe,* 951 F.2d at 110.

#### C. Whether Plaintiff was Previously Warned or Sanctioned

The Court has not previously imposed sanctions on Plaintiff, nor has he been previously warned that dismissal might be in the cards. Although these two factors weigh

---

[2] After a waiver of service on named Defendant Bradley was returned to the Court unexecuted, Plaintiff took no further action to see that Bradley was served.

in Plaintiff's favor, they are not dispositive, and do not outweigh the first two factors. I also note that where, as here, the Plaintiff has taken no action to identify or serve these Defendants, and the case has lingered for this amount of time, the imposition of lesser sanctions would serve no useful purpose.

Courts have held that "unreasonable delay in serving process can constitute a failure to prosecute." *Europacific Asset Mgt. Corp. v. Tradescape Corp.*, 233 F.R.D. 344, 351 (S.D.N.Y. 2005)(collecting cases).

On balance, the *Knoll* factors weigh in favor of dismissal for failure to prosecute. Indeed, it appears that in view of named Defendants Steward, Jamsen, and Canlas having been dismissed, Plaintiff has effectively abandoned this case. Defendant Bradley and the unnamed Defendant Corrections Officers should therefore be dismissed with prejudice, pursuant to Rule 41(b).

### IV.  CONCLUSION

I recommend that Defendant Anthony Steward's Motion to Dismiss Unserved Defendants and for Final Judgment [ECF No. 54] be GRANTED and that Defendant Bradley and the unserved Defendants be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis*

*v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

    Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                              s/R. Steven Whalen
                              R. Steven Whalen
                              United States Magistrate Judge

Dated: December 2, 2020

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was sent to parties of record on December 2, 2020 electronically and/or by U.S. mail.

                              s/Carolyn M. Ciesla
                              Case Manager